Good morning, Your Honors. Brian Lerner on behalf of Petitioner. I'd like to first start by emphasizing that this is a petition for review of a motion to reopen. It's not a petition for review of the underlying case, and therefore we would submit that there is jurisdiction on this matter because the jurisdiction derives from filing the petition for review 30 days after the motion to reopen was denied. We believe that one of the primary issues here is that in this particular case, when there was no actual notice of the denial of the original issuance of the order from the BIA, that a sua sponte reopening from the BIA should have been in order. The respondent in several points in the brief had stated that there was no established standards in order for the BIA to sua sponte reopen a case. However, there are cases that say that there needs to be exceptional circumstances in order to sua sponte reopen a case, and we're putting forward that the fact that there was no notice of, and this is not in dispute, there's no dispute that there was no actual notice of a denial of the BIA order, that due process is being violated because the person whom the denial was sent to never got notice and therefore could not do a petition for review, therefore could not make the decision whether or not they wanted to leave under voluntary departure. And instead, automatically thereafter, the voluntary departure turns into a deportation order. Didn't the BIA send a notice to their attorney, which was the address that they had given to the BIA? That's correct. And the attorney thereafter sent notice to the clients who then it was returned as undeliverable. And so there was constructive notice, there's no doubt about that, that the BIA did send to the attorney and the attorney did receive it, but it never got in the hands of the clients in time for them to decide whether they wanted to do a petition for review or leave under voluntary departure. So the clients didn't give their attorney their new address? Apparently, they didn't have the current address at that time and it did not get to them. Whether they telephoned or whether they sent notification, however it happened, they never had actual notice of the hearing, of the denial of the BIA. Or maybe they weren't there to sign for it. I'm sorry? They may have not been there to sign for the, because it was sent registered mail, wasn't it? That's correct. But then we get back to the same issue that there was no actual notice. I know, right. And because of that, we believe that under due process standards, that that should be a sufficient basis in which to sui sponte reopen the case so that they would have their opportunity whether to do the petition for review or whether to leave under voluntary departure. Also, we believe that it's in the public interest to ensure that due process is followed. Since due process is given to aliens in this respect, that the competing interest of having a final deportation order versus having one's constitutional rights afforded to them, we believe that there is a more interest in the public showing that the due process rights are afforded to an alien in this respect. The hardship that is... Is actual notice required for due process? In this respect, I believe it is, Your Honor. It's very similar to the BIA's GYR case where if they were originally going to go in under a motion to reopen, the GYR case makes very clear that they have to have actual notice of the decision, not just constructive notice. This is just one step past that when, you know, they would have the opportunity to do the petition for review. And if they don't have actual notice of a denial from the BIA, how are they receiving any due process in which to be able to go to the next step? The hardship they're suffering now are, one, they have a deportation order, and upon being deported, many years before they're able to come back to the United States legally, they can't come back unless all kinds of petitions are filed and they don't have the opportunity to have voluntary departure. And so, yes, I believe that without actual notice, there is no due process in this particular matter. We're asking that the relief that be issued in this case be that the BIA be ordered to reissue their order so that the respondents or the petitioners would have an opportunity in which to, again, have their options available to do the voluntary departure. And we're also asking that the voluntary departure be reinstated. Do we have jurisdiction to do that, to ask to order that the voluntary departure be reinstated? If this was a normal petition for review straight up from the BIA, there certainly would be jurisdiction to reinstate the voluntary departure based upon the facts of this case, Your Honor. Right. But this isn't a normal petition. Right. So — Okay. Based upon — let's assume that Your Honors agree that due process has been violated. It would seem to me that it is within the jurisdiction of this Court to place the person back in the place they would be had their due process not been violated, and that would be to have the BIA reissue the order, which in that case, voluntary departure assumably would be reinstated anyway since they already gave them that option. So the mere reissuance of the order from the BIA, assumably, would reinstate the voluntary departure. Did your motion to reopen contain an ineffective assistance of counsel claim under Lozada? No, Your Honor, because we're not — it's not an ineffective assistance of counsel. The attorney simply didn't have the proper address in which to mail off the notice for this particular matter. And so based upon that, we don't believe there is an ineffective assistance of counsel in this respect. Okay. I'd like to reserve the rest of my time for rebuttal. All right. Thank you. May it please the Court. My name is Sarah Maloney, representing the Respondent, the Attorney General. This Court lacks jurisdiction to consider the Board's decision declining to reopen proceeding sua sponte. A committee is controlling in this case. In a committee in this Court found that the Court lacks jurisdiction because there exists no meaningful standard against which to judge the Board's discretionary decision not to reopen sua sponte. There exists no statutory, regulatory, or case law definition of exceptional circumstances applicable to the Board's sua sponte power under the regulations. Therefore, there is no guidance as to what circumstances an alien must show to qualify as exceptional circumstances. Further, this Court noted in a committee that the Board isn't required to sua sponte reopen, even where exceptional circumstances are shown. The regulations don't require sua sponte reopening, and the matter of J.J. merely permits it. There is no standard at all. Is that right? For reviewing the Board's discretionary? No, for the Board. The Board doesn't have to consider. Even their own regulations don't provide any kind of a standard for them at all. There is no definition of exceptional circumstances in the context of sua sponte reopening. There are no published guidelines. There's no statutory requirement listing the factors that the Board must consider. There are cases which do list factors, and unfortunately, they've been found by our Court not to be meaningful enough. I was on the panel on Socop Gonzales, which was taken en banc in reverse. But what about a case like this? We certainly have very sympathetic defendants law-abiding in this country for years, U.S. citizen children. I mean, why wouldn't the Board do that, reopen it under these circumstances? On the facts of this case, the petitioners weren't powerless. There was a remedy available to them. They could have filed a motion to reopen within 90 days of learning that the Board dismissed their appeal. They could have argued some form of equitable tolling, whether based on ineffective assistance of counsel or otherwise, or based on the argument they're presenting today. They didn't do so. They waited, and the motion was untimely. Therefore, the Board didn't abuse its discretion in denying the motion that way. And in terms of its decision to decline to reopen sua sponte, we maintain that the controlling precedent in this case doesn't permit or doesn't give this Court jurisdiction to review that decision. What about reinstating the voluntary departure? What's the standard for that? The issue wasn't briefed, but my instinct tells me that this Court doesn't have the power to do so, especially on the facts of this case, that it's simply reviewing the denial of a motion to reopen, where voluntary departure wasn't even an issue in that decision. So what's going to happen to the family? Well, the family has an existing order of deportation that has been entered against them. So does someone come snatch them in the middle of the night and go deport them, or what happens? Well, they must leave the country, and they may at some point be deported by the DHS. But there is no date certain. You know, this is an extremely harsh case. We've got these people who have been here for all this time, 1988, two citizen children. There obviously was just a foul-up in their not receiving actual notice, and I'm not sure about your mentioning that they waited beyond the 90 days, and I don't know if they were still represented by counsel then or were represented, but these regulations are so difficult, they're even hard for us to follow. The result of this is just very, very harsh. Well, the petitioners had full and fair opportunity to present their cancellation claim before the immigration judge. They had a meaningful review on that issue before the board. They were aware that their appeal was pending. They had an attorney, and on this record, we know that they didn't at least notify the board of their address. We don't know. It's unclear whether they notified their current attorney of their address. That they didn't receive notice when their attorney forwarded the board's decision by certified mail to them is sympathetic, but even under the law of this circuit, they must exercise reasonable diligence in order to preserve their rights or in order to preserve the privilege of voluntary departure. Well, you mentioned about the ALJ's decision. What was the denial there on the basis of? As far as I remember, it was a denial based on statutory ineligibility. The petitioners did not meet the 10-year presence requirement, and nor did they meet the exceptional and extremely unusual hardship requirement. So unless there are any further questions. All right. Thank you, counsel. Okay. Again, it's been mentioned that there's no meaningful standard of a sua sponte reopening. I mean, what's the purpose of having a sua sponte reopening if there's no standard in which to do it? Well, counsel, there's a fairly strict rule of the Ninth Circuit that one panel cannot overrule, reverse, or disagree with the decision of another panel. Only an en banc assemblage of circuit judges can overrule, or of course the Supreme Court. But counsel's position is squarely the Ekmanian case controls, that the court in that case considered the identical issue, concluded there was no jurisdiction, and closed the case. How do you respond to that argument? How do you distinguish Ekmanian? Well, the question is, Your Honor, it comes down to what are exceptional circumstances to permit the BIA to do a sua sponte reopening. And there are no case law that specifically state that a violation of due process is not such an exceptional circumstance. Well, Ekmanian said there is no jurisdiction to consider whether there are exceptional circumstances. They simply closed the door, didn't they? Well, in that case, Your Honor, the regulations that permit the BIA to sua sponte reopen, we would submit that those regulations themselves are vague and ambiguous and need to be visited in order to determine what the standards are. Are you suggesting that the courts, this panel, simply ignore Ekmanian and say they got the case wrong? I'm not suggesting that they ignore it, Your Honor. However, there's a difference between a court saying that there is no jurisdiction based upon whether there should be a sua sponte reopening and a court looking at the actual statute itself and stating that that statute itself doesn't provide sufficient guidance. It is vague and ambiguous as to what the standard should be for a sua sponte reopening. Now, that's what I would be suggesting, Your Honor. As far as... I might be relying also on the dissent of Judge Bright in that case. Yes, Your Honor. Yes, Your Honor. And also, just to note, they do have a deportation order. The DHS can go to their house tomorrow, forcibly put them in detention and forcibly remove them from the United States and tear them apart and away from their U.S. citizen children. There's nothing stopping them from doing that at this point. How old are the children now? I believe it's 7 and 10, Your Honor. I believe those are the ages. I'm not 100 percent sure. I know they're just children under 10. And as far as counsel's statement that there should be reasonable diligence in this matter... Would they tear them away from the children or would the children have a chance to go with them? I mean, if the children want to, if they want to take the children, it's their option. I mean, the DHS can't touch the children one way or another. So if the children have to go with them, the children will go with them away from the United States for however many years until they can come back. It's 10 years, isn't it? It's 10 years, Your Honor. That's correct. And then there has to be all kinds of petitions in order to come back after that. So in reality, it is 10 years, isn't it?
judges: Hug, Wardlaw, Singleton